WUCETICH & KOROVILAS LLP
JASON M. WUCETICH (State Bar No. 222113)
DIMITRIOS V. KOROVILAS (State Bar No. 247230)
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Telephone:   (310) 335-2001
Facsimile:    (310) 364-5201

RIDOUT & LYON, LLP
CHRISTOPHER P. RIDOUT (State Bar No. 143931)
DEVON M. LYON (State Bar No. 218293)
CALEB LH MARKER (State Bar No. 269721)
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
(562) 216-7380
(562) 216-7385 Fax

**Attorneys for Objectors Sandra Rubinstein and Hambik Oktanyan**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| BARBARA SALMONSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BED BATH AND BEYOND, INC., a New York corporation, and DOES 1 – 500,<br><br>Defendants. | Case No.:  2:11-cv-02293-SVW-SSx<br><br>Related Cases:<br>   2:11-cv-02609-SVW-SS (Oktanyan)<br>   2:11-cv-02437-SVW-SS (Rubinstein)<br>   2:11-cv-06137-SVW-SS (Bennett)<br>   2:11-cv-06977-SVW-SS (Bourbiel)<br>   2:11-cv-07022-SVW-SS (Heon)<br>   2:11-cv-07046-SVW-SS (Paxton)<br>   2:11-cv-07039-SVW-SS (Shughrou)<br><br>**STIPULATION WITHDRAWING SANDRA RUBINSTEIN AND HAMBIK OKTANYAN'S OBJECTION TO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Removed:   March 23, 2011<br>Trial Date:   TBD<br><br>Date:       January 28 2013<br>Time:       1:30 p.m.<br>Place:      Courtroom 6<br>Judge:     Hon. Stephen V. Wilson |

Objectors Sandra A. Rubinstein ("Rubinstein") and Hambik Oktanyan ("Oktanyan"),[1] (collectively "Objectors"), and Plaintiff Barbara Salmonson ("Salmonson") (collectively Objectors and Salmonson will be referred to as the "Parties"), through their counsel hereby submit this stipulation withdrawing Objectors' objections to the proposed class action settlement in this matter and Salmonson's motion for final approval of class action settlement filed on November 7, 2012 (*See* Docket Entry No. 89), based on the following facts and as set forth in more detail in the concurrently filed Declaration of Jason M. Wucetich.

WHEREAS, on or around April 6, 2012, Salmonson filed a motion for preliminary approval of class action settlement to resolve the above-referenced case on a class-wide basis.  *See* Docket Entry 49;

WHEREAS, on or around April 12, 2012, Objectors filed objections to Salmonson's motion for preliminary approval and proposed class action settlement, objecting to, among other things, the proposed notice and claims procedures, amount of the proposed relief to class members, and likelihood of sufficient number of claims.  *See* Docket Entry 52;

WHEREAS, the Court held a hearing on Salmonson's motion for preliminary approval on April 23, 2012, and considered the objections filed by Objectors;

WHEREAS, on June 21, 2012, the Court issued an order directing Salmonson and BBB to make certain changes to the notice provisions in the settlement agreement, including to provide class members with notice by e-mail addressed to all California customers in BBB's e-mail database, and otherwise overruled the objections raised by Objectors to the motion for preliminary approval.  *See* Docket Entry 85;

---

[1] Rubinstein and Oktanyan are each named plaintiffs in separate, related class actions pending against Defendant.  Rubintein is represented by the firms of Ridout & Lyon LLP and Qualls & Workman LLP.  Oktanyan is represented by the firm Wucetich & Korovilas LLP.  The Rubinstein and Oktanyan actions are currently stayed by order of this Court dated January 9, 2012.

WHEREAS, on July 25, 2012, the Court issued an order granting Salmonson's motion for preliminary approval, as previously modified by the Court.  *See* Docket Entry 87;

WHEREAS, pursuant to the deadlines for objections set by the Court's preliminary approval order, on November 7, 2012, Objectors filed objections to the parties' proposed class settlement agreement, again objecting to, among other things, the proposed notice and claim procedures, amount of the proposed relief to class members, and likelihood of sufficient number of claims, but indicated at that time that the claims rate information had not yet been disclosed by the parties to either the Court nor to Objectors and that Objectors would file further briefing after the parties submitted claims rate information to address the sufficiency of the claims rate and settlement agreement.  *See* Docket Entry 89;

WHEREAS, on or around December 7, 2012, Salmonson filed a motion for final approval of class action settlement, and included in the supporting papers information regarding the administration of the settlement agreement and final numbers regarding class claims rate and participation in the settlement.  *See* Docket Entry 90;

WHEREAS, Objectors have reviewed the papers filed in support of Salmonson's motion for final approval and discussed the substance of the matter with counsel for Salmonson and counsel for BBB;

WHEREAS, based on their experience and expertise in Song-Beverly Credit Card Act cases, and after having reviewed all information filed in support of Salmonson's motion for final approval, Objectors believe that the proposed settlement, as previously modified by the Court's order regarding additional notice to the class, is fair and reasonable and that the claims rate is within an acceptable range for consumer actions and Song-Beverly Credit Card Act class action settlements, and

that the Court should therefore grant Salmonson's request for final approval of the class action settlement;

WHEREAS, Objectors contend that the claims rate was significantly increased in this matter as a direct result of their objections filed April 12, 2012, and the Court's later order requiring the parties to provide e-mail notice to class members issued after consideration of Objectors' objections, and that the claims rate has risen to an acceptable rate in part as a result of those objections and modifications to the notice procedures;

WHEREAS, the Parties agree that based on Objector's contended improvements to the settlement agreement, Objectors are entitled to reasonable attorneys' fees. *See Rodriguez v. West Publishing Corp*., 563 F.3d 948, 963 (9th Cir. 2009); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL (CWX), 2004 WL 2792185, at *1 (C.D. Cal. Aug. 10, 2004) (finding a "substantial benefit was conferred on the class" when Objector raised "serious questions about the timing of the class notice."); *see, e.g.*, *McElroy v. Network Solutions LLC*, Case No. CV 08-01247 PSG (VBKx) (C.D. Cal. Oct. 28, 2009), Docket Item No.72 at 3, ¶ 7 (judgment on class action settlement approving $15,000 payment to objectors); *Finseth v. Network Solutions LLC*, Case No. 08-01537 PSG (VBKx) (C.D. Cal. Oct. 28, 2009), Docket Item No. 71 at 3, ¶ 7 (judgment on class action settlement approving $15,000 payment to objectors);

WHEREAS, in addition, the Parties further agree that prior to September 19, 2011, during the time that counsel for Objectors and Salmonson were working cooperatively together, counsel for Objectors did significant work toward resolving this matter on a class-wide basis. That work included meeting and conferring in-person with counsel for Bed Bath & Beyond, Inc. and preparing for and participating in a private mediation at JAMS Los Angeles on August 10, 2011, as well as various court hearings;

WHEREAS, in addition, Objectors incurred significant costs in connection with the parties' August 2011 mediation, which was paid for on behalf of the Plaintiff's side exclusively by counsel for Objectors and not by counsel for Salmonson, and which contributed significantly to the ultimate proposed settlement agreement currently before the Court;

WHEREAS, counsel for Bed Bath & Beyond, Inc. was provided with a copy of this stipulation and has not provided any objection to its terms as of the time of filing;

NOW, THEREFORE, the Parties hereby STIPULATE and agree, this Honorable Court consenting, that Objectors are entitled to recover reasonable attorneys' fees and costs. Objectors have agreed to limit their request to $29,850 in fees and $6,009.65 in costs, and the parties agree in turn that such amount is fair and reasonable. These amounts are predicated on the Court's granting in full of Salmonson's request in its motions for final approval and attorneys fees of $199,000 in reasonable attorneys fees and $10,000 in costs. In the event that the Court awards lesser amounts, the parties stipulate to an award of reasonable attorneys' fees to Objectors not to exceed 15% of the amount ultimately awarded by the Court to Salmonson's counsel, and an award of costs to Objectors not to exceed the amount awarded to Salmonson's counsel minus $3,990.35 (which is the amount of Salmonson's counsel own actually incurred costs in this action).

The parties therefore respectfully request that the Court permit the agreed withdrawal of Objectors' objections and the agreed award of attorneys' fees totaling $29,850, or 15% of any lesser amount awarded by the Court,  and costs of $6,009.65, based on the attached declarations of Jason M. Wucetich and Christopher Ridout, and grant such further relief as the Court deems appropriate.

/ / /

IT IS SO STIPULATED.

Respectfully submitted,

WUCETICH & KOROVILAS LLP

Dated: January 21, 2013          By:   /s Jason M. Wucetich
                                       Jason M. Wucetich, CA Bar No. 222113
                                       Dimitrios V. Korovilas, CA Bar No. 247230
                                       **Attorneys for Plaintiff Oktanyan**

RIDOUT & LYON, LLP

Dated: January 21, 2013          By:   /s/ Christopher Ridout
                                       Christopher P. Ridout, CA Bar No. 143931
                                       Devon M. Lyon, CA Bar No. 218293
                                       Caleb LH Marker, CA Bar No. 269721
                                       **Attorneys for Plaintiff Rubinstein**

SCHREIBER & SCHREIBER, INC.

Dated: January 21, 2013          By:   /s/ Eric A. Schreiber
                                       Edwin C. Schreiber, CA Bar No. 41066
                                       Eric A. Schreiber, CA Bar No. 194851
                                       **Attorneys for Plaintiff Salmonson**

**PROOF OF SERVICE**

    I hereby certify that on this 21st day of January 2013 I filed the following documents with the Clerk of Court using the CM/ECF electronic filing system, which will send notice of the filings to the interest parties listed below.

- **STIPULATION WITHDRAWING SANDRA RUBINSTEIN AND HAMBIK OKTANYAN'S OBJECTION TO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
- **DECLARATION OF JASON M. WUCETICH IN SUPPORT OF STIPULATION WITHDRAWING SANDRA RUBINSTEIN AND HAMBIK OKTANYAN'S OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
- **DECLARATION OF CHRISTOPHER P. RIDOUT INS UPPORT OF STIPULATION WITHDRAWAING OBJECTION TO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
- **[PROPOSED] ORDER PERMITTING STIPULATED WITHDRAWAL OF OBJECTIONS TO PROPOSED CLASS SETTLEMENT AND ATTORNEYS FEES AND COSTS TO OBJECTORS**

| | |
|---|---|
| Edwin C. Schreiber | Attorneys for Plaintiff |
| Eric A. Schreiber | Barbara Salmonson |
| Schreiber & Schreiber | |
| 16501 Ventura Boulevard Suite 401 | |
| Encino, CA 91436 | |
| | |
| David McDowell | Attorneys for Defendant |
| Purvi Patel | Bed, Bath, & Beyond, Inc. |
| Morrison & Foerster LLP | |
| 555 West Fifth Street Suite 3500 | |
| Los Angeles, CA 90013 | |

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of January, 2013, at El Segundo, California.

                                    /s/ Dimitrios V. Korovilas
                                    Dimitrios V. Korovilas